ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CARMEN MARÍA PEÑA RIVERA<br><br>Recurrida<br><br>v.<br><br>FIOLDALIZA PACHECO CARABALLO<br><br>Peticionaria | TA2026CE00255 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: PA2019CV00259<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de mayo de 2026.

Comparece la parte demandada y peticionaria, Sra. Fioldaliza Pacheco Caraballo, a través de un auto discrecional de *certiorari.* Solicita nuestra intervención para dejar sin efecto la *Orden* emitida el 11 de febrero de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI). En ese dictamen, ante una *Moción de relevo de sanciones* instada por la compareciente, el TPI pronunció que el asunto era académico, pues se había atendido en la vista celebrada el 10 de marzo de 2025.

**I.**

El caso de autos versa sobre una *Demanda* instada por la parte demandante y recurrida, Sra. Carmen Peña Rivera, el 24 de octubre de 2019.[2] En esencia, la demandante solicitó la eliminación de unos balcones y ventanas de la propiedad de la demandada, colindante a la suya, al palio del hoy derogado Artículo 518, *Ventanas y balcones*, del Código Civil de 1930, 31 LPRA ant. sec. 1773, que regula lo relacionado

---

[1] Mediante Orden Administrativa DJ-2025-063B emitida el 20 de abril de 2026 se enmendó la composición de los paneles.
[2] Entrada 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

a la servidumbre de luces y vistas.[3] Luego de múltiples trámites, innecesarios de pormenorizar, el 13 de mayo de 2024, el Tribunal Supremo de Puerto Rico le dio la razón a la señora Peña Rivera y ordenó **"la eliminación de aquellas ventanas y balcones en la propiedad de la señora Pacheco Caraballo que incumplan con el Artículo 518 del Código Civil de 1930,** *supra,* **aquí bajo estudio"**. (Énfasis nuestro). *Peña Rivera v. Pacheco Caraballo*, 213 DPR 1009, 1027 (2024).

El caso regresó ante la atención del TPI, ante el jurista Hon. Jorge R. Acosta González. Durante la vista de ejecución de sentencia, celebrada el 10 de diciembre de 2024,[4] la representación legal de ese momento de la demandada, Lcdo. Héctor Ayala Vega, indicó que la remoción de los balcones pudiera representar una falla a la integridad de la estructura. El abogado de la señora Peña Rivera, por su parte, manifestó que la parte demandada tenía que solicitar un permiso de demolición a la Oficina de Gerencia y Permisos (OGPe). Acerca de la demolición de los balcones, surge de la *Minuta* el mandato del TPI a acreditar que se inició el proceso del permiso de demolición en la Oficina de Gerencia y Permisos (OGPe); y la contratación de un especialista para que hiciera el estudio correspondiente de cómo se iba a realizar la demolición y la fecha en que concluiría la labor. Advirtió, además, que el incumplimiento acarrearía la imposición de sanciones y el arresto de la demandada.

Posteriormente, el **4 de febrero de 2025**, durante una audiencia para mostrar causa,[5] se supo que la demandada sustituyó las ventanas a remover con bloques ornamentales de cristal. **El TPI dio por cumplida la orden relacionada con las ventanas, al satisfacer la sentencia del alto foro**.

---

[3] La disposición rezaba como sigue:
> No se puede abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes, sobre la finca del vecino si no hay un metro y medio de distancia entre la pared en que se construyan y dicha propiedad.
> Tampoco pueden tenerse vistas de costado u oblicuas sobre la misma propiedad, si no hay sesenta (60) centímetros de distancia.

[4] Véase, entrada 247 *Minuta* SUMAC-TPI.

[5] Véase, entrada 264 *Minuta* SUMAC-TPI.

En cuanto a los balcones, se consignó que continuaban pendientes de cumplimiento la solicitud de permiso de demolición ante la OGPe y la contratación del perito. Insatisfecho por las explicaciones, conforme lo advertido, el TPI impuso:

1. una sanción diaria de $100.00 que aplicará solo días laborables

2. A la parte demandante, en la misma proporción que la sanción anterior, por cada $500.00 serán $400.00 a favor de la parte demandante y $100.00 a favor del Estado Libre Asociado (ELA). Deberán ser depositadas en el Tribunal cada diez días. Cuando se acumulen $1,000.00 se depositan en el Tribunal informando que $800.00 son para la parte demandante y $400.00 [*sic*] para el ELA. El incumplimiento con el pago de las sanciones conllevará el celebrarse una vista de Mostrar Causa por la cual no deba ser encontrada incursa en desacato y se ordene su arresto por el incumplimiento del pago de la misma. El día que cumpla, se acaba las sanciones.[6] (Énfasis en el original suprimido).

El **10 de marzo de 2025**,[7] un nuevo magistrado asignado al caso, Hon. Elías Rivera Fernández, convocó a la continuación de la vista de mostrar causa. El licenciado Ayala Vega informó que se habían hecho unas gestiones con un ingeniero, el cual estaba contratado y tenía la obligación de solicitar el permiso de demolición. Planteó que el trabajo no se realizó, debido a que, por su edad avanzada, el ingeniero no podía transportarse. No obstante, añadió que se contrató a la compañía Agiliza, para la solicitud de permisos y hacer la demolición.[8]

En lo que compete al auto de *certiorari*, en torno a las penalidades por el incumplimiento, el TPI expresó:

> … **o** me muestras la demolición **o** se ordena el a… el arresto, **o** una serie de imposiciones que había puesto el… el Tribunal anteriormente, a… a razón de multa. Les adelanto, **yo no soy un juez de multa**; porque, primero, no las pagan, y no cumplen. Yo soy el juez que, **si hay una orden de mostrar causa**, es [*sic*] **se ordena el arresto hasta que se haga la cosa**.[9] (Énfasis nuestro).
>
> .    .    .    .    .    .    .    .

---

[6] Debido a la edad avanzada de la demandada, el TPI ordenó al Departamento de la Familia y a la Oficina del Procurador de Personas de Edad Avanzada a realizar un informe social en el plazo de 15 días.

[7] Véase, entrada 265 *Minuta* SUMAC-TPI y la Transcripción de la Prueba Oral (TPO), entrada 1 SUMAC-TA.

[8] *Id.* TPO págs. 5 líneas 20-25; líneas 1-21.

[9] TPO pág. 11 líneas 16-23.

[...] Lo que sucede es que **el aspecto de sanción económica lo que hace es que me diluye los fondos que ella pudo haber tenido pa' pagarle al contratista**. Y cuando no tienen chavos, pues no tienen chavos, no pagan. Pero hasta que la persona no ve su... su libertad restringida, a... ahí es que aprieta el... el...[10] (Énfasis nuestro).

.    .    .    .    .    .    .    .

¡Pues! Pues entonces vamos a hacer lo mismo. Vamos a demoler, y si hay que pedir permiso después, pues se... Pero yo necesito terminar esto ya. O sea, yo... Es... Es... Yo entro aquí nuevo hoy y veo un caso del 2019.[11]

.    .    .    .    .    .    .    .

Bueno, ponemos aquí treinta días pa' cumplir la demolición. Licenciado de la parte demandante, si a los diez días de transcurrido[s] los treinta no ha ocurrido la misma, me notifica mediante moción.[12]

.    .    .    .    .    .    .    .

Este... Pues nuevamente, **de no ocurrir la demolición**, entonces tendríamos que citar nuevamente una Vista de Mostrar causa por la cual este Tribunal no deba **encontrar incurso en desacato a la parte demandada y ordenar su arresto**.[13] (Énfasis nuestro).

Asimismo, luego que las respectivas representaciones legales plantearan, primero, el pago de $500.00 de una sanción previa, realizado por la demandada; y segundo, la falta de conocimiento de la demandante sobre los pagos de la *Orden* de 4 de febrero de 2025, el TPI manifestó:

que la parte demandada se encuentra en Sala y debe haber entendido **la manera en que el tribunal maneja el proceso**. Continúa expresándose. **Se está brindando la oportunidad de que se realice la demolición**. El caso ya está juzgado, tiene sentencia y está pendiente del cumplimiento. Tienen 30 días para la demolición, comenzando mañana y diez días para informar. **De haber una notificación adversa se señalaría una vista para mostrar causa**.[14] (Cursivas en el original suprimidas y énfasis nuestro).

En la vista de 29 de mayo de 2025 de mostrar causa,[15] el licenciado Ayala Vega informó que la condición de salud de la señora Pacheco Caraballo era delicada. Añadió que el ingeniero contratado cotizó la labor en $18,000.00, que la demandada no tenía el dinero, por lo que no iba a poder cumplir con la sentencia. A tales efectos, el TPI encontró incursa en desacato a la señora Pacheco Caraballo, ordenó su arresto e ingreso

---

[10] TPO pág. 14 líneas 10-16.
[11] TPO pág. 11 líneas 1-6.
[12] TPO pág. 21 líneas 18-22.
[13] TPO pág. 22 líneas 1-5.
[14] *Minuta,* pág. 3; además, TPO pág. 30 líneas 11-19.
[15] Véase, entrada 277 *Minuta enmendada* SUMAC-TPI.

a una institución penal.[16] Fue condenada a cumplir hasta un máximo de seis meses de reclusión o hasta que se cumpliera con las órdenes del TPI, lo que ocurriera primero. La señora Pacheco Caraballo estuvo confinada hasta el 28 de agosto de 2025, luego que el Tribunal Supremo ordenara su excarcelación inmediata (CC-2025-0512).[17]

Así las cosas, el 28 de diciembre de 2025, la nueva representación legal de la demandada,[18] Lcda. Tomasa Vázquez Chévere, incoó una *Moción de relevo de sanciones*, al amparo de la Regla 49.2 (c) de Procedimiento Civil.[19] Alegó que, el 24 de diciembre de 2025, la demandada cumplió con el mandato del Tribunal Supremo, al eliminar los balcones en disputa, mediante la demolición de los balaustres y barandillas; devolviendo de esa forma el piso de los balcones a su condición original de alero lateral derecho de la estructura. Planteó que, contrario a lo argüido por la parte demandante, la remoción de los balcones no requería gestionar un permiso de demolición ante la OGPe. Adujo que dicho requerimiento tuvo el único fin de dilatar el cumplimiento de la sentencia y, como consecuencia, "continuar acumulando a su favor sanciones económicas impuestas mediante falsa representación y conducta impropia y oprimir a la demandada para obligarla a demoler parte de la estructura inferior de la propiedad que no forma parte de lo ordenado por el TSPR en la referida Sentencia". Dijo que advino en conocimiento de la improcedencia del requisito, luego de una evaluación pericial y agotados los recursos de revisión. A esa fecha, el monto de las sanciones sobrepasaba los $20,000.00, incluyendo

---

[16] Véase, entrada 282 SUMAC-TPI.

[17] Entradas 304-308 SUMAC-TPI.

[18] En un principio, el TPI no autorizó la representación legal de la Lcda. Tomasa del C. Vázquez Chévere (entrada 299 SUMAC-TPI), quien la representó ante este foro y la máxima curia. En reconsideración no resuelta, la licenciada Vázquez Chévere suministró al TPI una carta a manuscrito de la demandada, redactada en prisión, que constató la solicitud de renuncia de la representación legal a cargo del Lcdo. Héctor Ayala Vega (entrada 302 y anejo SUMAC-TPI). Posteriormente, presentó una misiva de éste, consignando la entrega del expediente (anejo 4 entrada 320 SUMA-TPI). Ciertamente, es nuestro criterio que, aun cuando no se emitió un pronunciamiento expreso, el TPI confirió tácitamente la aceptación de la nueva representación legal, mediante el curso brindado a los escritos presentados por la letrada y las respectivas notificaciones a ésta de sus dictámenes.

[19] Entrada 314 SUMAC-TPI.

aquellos días laborables del periodo en que la demandada permaneció confinada. Así, pues, solicitó el relevo de las sanciones, ya que fueron impuestas bajo premisas erróneas.

En respuesta, la demandante solicitó la celebración de una vista evidenciaria, con el fin de ordenar el encarcelamiento de la señora Pacheco Caraballo.[20] En lo que nos compete, apostilló que lo alegado por la demandada con relación al permiso de demolición era contrario al ordenamiento legal. Acotó, a su vez, que las imputaciones en su contra eran falsas.

El 16 de enero de 2026, el TPI notificó una *Orden* en la que pronunció: "**REFI[É]RASE AL EXPEDIENTE**".[21] La señora Pacheco Caraballo solicitó al TPI que resolviera el petitorio o aclarara su determinación.[22] El 29 de enero de 2026, el TPI dictó: "**ACADÉMICA**".[23]

La demandada solicitó la reconsideración de la expresión judicial sobre academicidad.[24] Sostuvo que la petición no había sido resuelta previamente. Apuntó:

> La demandada estuvo encarcelada por 93 días y resulta inconcebible y totalmente injusto que también tenga que pagar por no haber gestionado un permiso de demolición que no era necesario obtener bajo las circunstancias del caso. Con el permiso de demolición la parte demandante y su representación legal pretendían que la demandada demoliera una estructura que no estaba incluida en el mandato del TSPR en el citado caso 2024 TSPR 48; 213 DPR 1009 (2024) y que hubiera puesto en precario la base estructural de la residencia y hogar seguro de la demandada. Por ello, la resistencia de la demandada en cumplir con la referida Sentencia bajo los parámetros exigidos ilegalmente por la demandante y su representación legal y que la llevaron a la institución penal.

En fin, insistió en que las sanciones económicas fueron impuestas bajo la premisa equivocada de que tenía que gestionar un permiso de demolición innecesario.

---

[20] Entrada 315 SUMAC-TPI.
[21] Entrada 317 SUMAC-TPI.
[22] Entrada 319 SUMAC-TPI.
[23] Entrada 321 SUMAC-TPI.
[24] Entrada 323 SUMAC-TPI.

El 12 de febrero de 2026, el TPI notificó la *Orden* aquí impugnada en la que indicó: "**ACADÉMICO. ATENDIDO EN VISTA (ENTRADA 265), SOLICITE EL AUDIO**".[25]

Insatisfecha, la demandada acudió ante nos. Unió a su *Certiorari Civil* la Transcripción de la Vista de 10 de marzo de 2025 (TPO) y señaló la comisión del siguiente error:

> Erró el TPI al declarar "Académica" la "Moción Relevo de Sanciones Económicas" radicada por la peticionaria el 28 de diciembre de 2025 al amparo de la Regla 49.2(c) de PC y resolver que el asunto planteado en dicha Moción fue atendido por el TPI en la vista de 10 de marzo de 2025 (ENTRADA 265).

Luego de conceder dos plazos, de diez días y 24 horas, respectivamente,[26] la señora Peña Rivera no presentó un escrito en los méritos sobre el auto discrecional del título. Resolvemos, pues, sin el beneficio de su comparecencia.

**II.**

Entre las doctrinas que dan vida al principio de justiciabilidad, se encuentra la academicidad. Esta doctrina "nace del elemental principio de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). Un caso académico es aquél que pretende obtener una determinación judicial en torno a una controversia inexistente, por lo que la sentencia que se dicte en su día no tendrá efectos prácticos. *Id.*, pág. 584. El propósito de este precepto es evitar el inadecuado uso de los recursos judiciales y evitar precedentes innecesarios. *Emp. Pur. Des., Inc. v. H.I.E.Tel.*, 150 DPR 924, 936 (2000), citado en *Super Asphalt v. AFI y otro*, 206 DPR 803, 815-816 (2021). Es

---

[25] Entrada 327 SUMAC-TPI.

[26] Entradas 2 y 4 SUMAC-TA. En su lugar, la demandante se limitó a impugnar la autoridad de la licenciada Vázquez Chévere a representar a la demandada. Véanse, entrada 3 SUMAC-TA y la nota al calce 17 de este dictamen. La señora Peña Rivera también cuestionó la representación legal de la licenciada Vázquez Chévere ante el TPI y éste la refirió a la *Orden* de 16 de enero de 2026. Véanse, entradas 315, 317-318 SUMAC-TPI.

decir, si la controversia pierde vigencia, ya sea por cambios fácticos o jurídicos durante el trámite, en lugar de conceder un remedio, el tribunal sólo emitiría una opinión consultiva. Por lo tanto, el tribunal debe abstenerse de resolver los méritos de la controversia que ha dejado de estar viva y presente. Véanse, *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 913 (2012); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011); *E.L.A. v. Aguayo, supra*, pág. 584.

## III.

Como cuestión de umbral, revisamos la petición postsentencia al palio de los siete criterios esbozados en la Regla 40, *Criterios para la expedición del auto de certiorari*, del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).[27] Según se conoce, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia allí citada.

En la presente causa, la señora Pacheco Caraballo alega que el TPI incidió al justipreciar que el asunto planteado en la *Moción de relevo de sanciones* era académico. Resalta que la audiencia celebrada el 10 de

---

[27] Al determinar la expedición de un auto de *certiorari*, este Tribunal toma en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

marzo de 2025, a la que hizo referencia el TPI, no sólo es anterior a la solicitud de relevo, sino que ni de la *Minuta* o la TPO provista se desprenden que la cuestión haya sido resuelta en los méritos. Recuérdese que la peticionaria hizo alegaciones al palio del inciso (c) de la Regla 49.2, el cual versa sobre fraude, intrínseco o extrínseco, falsa representación u otra conducta impropia de una parte adversa. Ello, en alusión a la exigencia de la recurrida acerca de la necesidad de solicitar un permiso a la OGPe para la remoción de los balcones.

Un puntilloso análisis del expediente que revisamos revela dos cosas puntuales: (1) la postura clara del TPI en contra de las sanciones dinerarias, como alternativa a la declaración de desacato y orden de arresto; así como el curso a seguir en el trámite postsentencia bajo su dirección; y (2) el dictamen de academicidad del pedido de relevo de sanciones.

Aun cuando podamos interpretar las expresiones judiciales, lo cierto es que es al TPI a quien corresponde decidir mediante un mandato diáfano el relevo de las sanciones ordenadas con anterioridad, según lo solicitado por la señora Pacheco Caraballo. A ello añadimos que, al 10 de marzo de 2025, no se habían configurado los hechos del encarcelamiento de la peticionaria y el evidente efecto del confinamiento sobre la sanción dineraria presuntamente acumulada.

Es nuestro criterio que la presente etapa del procedimiento es idónea para intervenir y adelantar la consecución del caso. Nótese que si bien es final y firme la determinación de 4 de febrero de 2025, en que se decretó el cumplimiento de la peticionaria con el mandato del Tribunal Supremo de eliminar las **ventanas**; todavía queda pendiente de resolución si la remoción de los **balcones** cumplió con la sentencia de la máxima curia.[28] Por igual, la parte recurrida, quien ha solicitado un nuevo encarcelamiento,[29] se ha expresado sobre el deber ministerial e

---

[28] Refiérase a las entradas 313 y 320 con sus anejos SUMAC-TPI.
[29] Entrada 315 SUMAC-TPI.

imperativo del TPI de "resolver las mociones que son presentadas por las partes para su consideración".[30]

**IV.**

Por los fundamentos expresados, expedimos el auto discrecional de *certiorari* y revocamos la *Orden* notificada el 12 de febrero de 2026. En consecuencia, ordenamos al Tribunal de Primera Instancia, Sala Superior de Guayama, a resolver en los méritos la *Moción de relevo de sanciones* instada el 28 de diciembre de 2025.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[30] Entrada 329 SUMAC-TPI.